HON. F. P. POCHÉ,
HON. R. B. TODD,
HON. WM. M. LEVY,
HON. C. E. FENNER, } *Associate Justices.*

No. 969.

CLARA SILBERNAGEL, WIFE, VS. BENJ. SILBERNAGEL, HUSBAND.

Although an Intervenor cannot retard the trial of a case, yet he is entitled to the time neces-
sary to have his Intervention served and put at issue, before the case can be tried.

APPEAL from the Sixth Judicial District Court, parish of Morehouse.
*Brigham,* J.

David Todd for Plaintiff and Appellee.

Newton & Hall, Frank Vaughan, and G. H. Ellis for Intervenors and
Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is a suit by a wife against her husband for
the recognition of averred rights against him.

The petition and answer were filed on the same day, no citation

having previously issued to the defendant. The case was put on the docket in a condition to be called and tried the same day.

On ascertaining the existence of the suit, and previous to the case being called for trial, permission was asked by counsel for certain parties to file an intervention in their behalf, upon which the process of the Court was sought. The judge took the application under advisement and continued the case to the next court-day, a Sunday intervening.

On the day of assignment, the case was called for trial. The judge allowed the intervention to be filed. Whereupon, leave was asked to file another intervention on behalf of other parties, and the motion was granted.

The parties defendant in the interventions declining to acknowledge service and to proceed with the case, counsel for intervenors moved that the process of the Court issue to the proper parties and the case be continued until after issue joined on the interventions.

The Court denied the motion, on the ground that intervenors have no right to retard the progress of the cause in which they make appearance.

Had the suit been brought and carried on with the usual forms and delays, the ruling of the Court would have been correct; but, in a case like the present one, it would be requiring a physical impossibility to demand of an intervenor (whose proceeding is to be served, with the allowance of a delay of *ten* days to join issue,) that he be ready, before . *two* days have elapsed since the institution of the suit, to proceed with his intervention, when the main suit is called for trial. The requirement of readiness cannot be exacted where the main case has not had a standing certainly exceeding *ten* days on the Court docket, within which parties may file their interventions, to have them served. *Lex neminem cogit ad impossibilia.*

The rapidity with which the plaintiff and defendant have put their issues of record and have proceeded to judgment, cannot be invoked as a standard of celerity for the dispatch of proceedings on the part of third persons, when the law prescribes that such proceedings shall be followed by certain process and delays.

Judicial investigations are not to be so quickly flashed through, and must be attended with more solemnity and dignity, for the protection of the rights of all parties concerned and a safer administration of justice.

The promptness of the plaintiff and defendant in this matter cannot serve to defeat the intervenors in the assertion and vindication of the rights which they claim, in a form of their preference, and expressly authorized by law, to avoid an unnecessary and onerous multiplicity of actions.

The intervenors cannot be driven to resort to a direct suit, for any

purpose, when the law has allowed them a different and more appro-priate proceeding. To refuse them the process of the Court on their intervention, in such an instance as is presented, would amount to a denial of a right clearly accorded by law.

If the ruling complained of were sanctioned, a dangerous and illegal precedent would be established.

In a case not as strong as that before the Court an intervention filed on the day of trial was allowed to be served on opposite parties, and for this purpose the cause was continued to put the intervention at issue. 25 A. 564, Sandel vs. Douglas. See, also, 16 L. 265 ; 3 A. 331 ; 20 A. 258.

It is therefore ordered that the judgments of the lower court re-fusing the motion of the intervenors for process, the continuance of the case for that object, and passing on the main demand, be reversed, and that this case be remanded for further proceedings according to the views herein expressed and according to law, appellees to pay costs of appeal and of the lower court from the time of the filing of the interventions.

Mr. Justice TODD recuses himself, having been of counsel.